**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YVETTE GULLON, and PEOPLE OF THE STATE OF ILLINOIS ex rel. YVETTE GULLON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WORLDWIDE ASSET RECOVERIES LLC, and PREMIUM ASSET SERVICES LLC | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Yvette Gullon, and the People of the State of Illinois (ex rel. Yvette Gullon), seek redress from unlawful practices engaged in by Worldwide Asset Recoveries LLC ("WAR"), on behalf of Premium Asset Services LLC ("PAS"), contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA").

2. The FDCPA prohibits using unfair and unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading representations during debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "the practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.... It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

**JURISDICTION AND VENUE**

4.      Jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1337 and 1367.

5.      As defendants' collection communications were received by plaintiff within this District, and since defendants transact business here, venue and personal jurisdiction are proper.

**PARTIES**

6.      Gullon lives in Chicago, Illinois.

7.      WAR is a Nevada limited liability company, with principal offices located at 2641 Hamner Avenue, Suite 209, Norco CA 92860.

8.      WAR is a collection agency that uses the United States Postal Service, and telephone and electronic wire services, to collect consumer debts originally owed to others.

9.      WAR is a collection agency subject to the ICAA.

10.     WAR has no license under the ICAA, as shown by <u>Exhibit A</u>.

11.     WAR has no license from California (which does not license debt collectors).

12.     WAR is a debt collector under the FDCPA.

13.     PAS is a Nevada limited liability company.  It is under common ownership with WAR; both limited liability companies have Scott CASS as their managing member.  PAS may be served at 3540 West Sahara Ave., Unit 1310, Las Vegas NV 89102.

14.     PAS acquires, or claims to acquire, allegedly defaulted consumer debts, and uses the United States Postal Service, and telephone and electronic wire services, to conduct business.

15.     PAS is a debt collector under the FDCPA.

**FACTS**

16.     WAR, acting on behalf of PAS, attempted to collect from Gullon an alleged "Best Buy" credit card debt incurred for personal, family or household purposes.  WAR specifically called Gullon's cell phone, and her workplace, repeatedly.

17.     On information and belief, WAR's calls to Gullon's cell phone were made using what is known as a "predictive dialer."

18.     On information and belief, WAR's calls to Gullon's cell phone resulted in the

delivery of a prerecorded or artificial voice message.

19. A representative of WAR repeatedly called Gullon's workplace, spoke to a coworker and stated that WAR was calling regarding a "legal matter."

20. On June 11, 2014, at or around 4:10 p.m., a representative of WAR left this message on Gullon's voicemail:

> **Hi. This message is for Yvette Gullon. Yvette, my name is Lee. I have some important information for you. I wanted to speak with you before I went ahead and did the verification of employment at [name and address of employer]. My number is (951) 666-4155. Please call me when you get this message. Thank you.**

21. When this message was left, WAR and PAS knew Gullon's location information, and were not entitled to "verify" her employment.

22. WAR and PAS did not provide prior written notice of their intent to communicate with Gullon's employer.

23. WAR's phone call on June 11, 2014 did not identify the company calling, or state that the call was for debt collection purposes.

24. PAS, as the principal of WAR, is responsible for actions taken by WAR.

25. Defendants harassed, aggravated and intimidated Gullon, causing damage to her.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

26. Gullon incorporates paragraphs 1-25.

27. Defendants violated 15 U.S.C. §1692c by calling plaintiff's coworker, and stating that it was calling regarding a "legal matter." 15 U.S.C. §1692c(b) provides that,

> **except as provided in [15 U.S.C. §1692b, which does not apply here,] without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

28. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to place "telephone calls without meaningful disclosure of the caller's identity."

29. 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general**

**application of the foregoing, the following conduct is a violation of this section....**

**(2)    The false representation of –**

    **(A)    the character, amount, or legal status of any debt....**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken....**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.... [or]**

**(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action....**

30.    The June 11, 2014 telephone call violated 15 U.S.C. §§1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692e(11) for four reasons:

    (A)    The message was a "communication" under 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Fin. Mgmt. LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Fin. Systems*, 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Hosseinzadeh v. MRS Assocs. Inc.*, 387 F.Supp.2d 1104 (C.D.Cal. 2005); *Joseph v. JJ MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003).

    (B)    The call threatened to "verify" plaintiff's employment. However, defendants knew where plaintiff was, and were threatening an unlawful contact with a third party.

    (C)    The call did not identify the company calling, as required by 15 U.S.C. §1692d(6). *Hosseinzadeh, supra*; *Wright v. Credit Bureau of Georgia Inc.*, 548 F.Supp. 591 (N.D.Ga. 1982).

    (D)    The call did not contain the warning required by 15 U.S.C. §1692e(11).

WHEREFORE, the Court should enter judgment in favor of plaintiff, awarding

    (A)    statutory damages of up to $1,000,

    (B)    actual damages,

    (C)    attorney's fees, expenses and costs, and

(D) all other proper relief.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

31. Gullon incorporates paragraphs 1-25.

32. Defendant violated 225 ILCS 425/9(14), 425/9(17), 425/9(20) and 425/9(20) by

**initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order....**

**disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law....**

**attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.... [and]**

**failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use...**

33. Defendants violated 225 ILCS 425/9.2 by,

**without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy... [communicating], in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency....**

34. Gullon may seek relief from defendants in a private action. *Sherman v. Field Clinic*, 74 Ill.App.3d 21, 30; 392 N.E.2d 154, 161 (1st Dist. 1979); *Sawyer Realty Group Inc. v. Jarvis Corp.*, 89 Ill.2d 379, 386; 432 N.E.2d 849, 852 (1982); *Trull v. GC Servs. LP*, 961 F.Supp. 1199, 1206 1207 (N.D.Ill.1997); *Grant-Hall v. Calvary Portfolio Servs. LLC*, 856 F.Supp.2d 929, 940 (N.D.Ill. 2012).

WHEREFORE, the Court should enter judgment in favor of plaintiff, awarding

(A) nominal, compensatory and punitive damages,

(B) costs, and

(C) all other proper relief.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

35. The People of the State of Illinois (ex rel. Gullon) incorporate paragraphs 1-25.

36. The ICAA creates a licensing regime under 225 ILCS 425/4:

**No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

37. This license requirement protects the public, as explained by 225 ILCS 425/1a:

**The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. It is further declared to be the public policy of this State to protect consumers against debt collection abuse.**

38. 225 ILCS 425/14 and 425/14b make operating an unlicensed collection agency a crime.

39. 225 ILCS 425/14a provides:

**The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of**

...

**court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, the Court should enter judgment in favor of plaintiff, giving

(A)  an injunction against further conduct of collection activity in Illinois,

(B)  attorney's fees, expenses and costs, and

(C)  all other proper relief.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVETTE GULLON, and PEOPLE OF THE STATE OF ILLINOIS ex rel. YVETTE GULLON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WORLDWIDE ASSET RECOVERIES LLC, and PREMIUM ASSET SERVICES LLC | ) ) ) |
| Defendants. | ) ) |

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

_/s/ Yvette Gullon_
Yvette Gullon



# Illinois Department of Financial & Professional Regulation

Manuel Flores, Acting Secretary



Para Español seleccione Spanish
为中国选择Chinese
Dla Polski wybierz Polish

Spanish ▼

**Agency Quick Links**
IDFPR Home Page
Información Disponible En Español
License Look Up
Physician Profile
License Renewals
Latest News
Discipline Information
Consumers
Professionals

**Information About**
IDFPR
Banking
Non-banking Financial Institutions
Professional Regulation

**About IDFPR**
Contact Information
General FAQs
Boards & Committees

Search IDFPR.com

PAYOURBILLS
APPOINTMENTS.
ILLINOIS.GOV
ILLINOIS.gov
Agencies Boards and Commissions

Start a New Search                                                                                   Printer Friendly View

**SEARCH FOR LICENSEE BY PROFESSION:**
**Collection Agency, Licensed**
**THERE ARE 5 RECORDS WHOSE NAME CONTAINS: worldwide asset**

| Licensee's Name | DBA/AKA | License Number | License Status | City, State | Original Issue Date | Current Exprtn | Ever Discplned? |
|---|---|---|---|---|---|---|---|
| WORLDWIDE ASSET MANAGEMENT LLC | | 017020682 | CANCELLED | MARIETTA, GA | 09/29/2003 | 05/31/2006 | N |
| WORLDWIDE ASSET PURCHASING II LLC | | 017021177 Multiple Licenses | CLOSED | Marietta, GA | 09/04/2008 | 05/31/2012 | N |
| WORLDWIDE ASSET PURCHASING II LLC | | 017021427 Multiple Licenses | NOT RENEWED | Minnetonka, MN | 09/17/2010 | 05/31/2012 | N |
| WORLDWIDE ASSET PURCHASING II LLC | | 017021576 Multiple Licenses | ACTIVE | Las Vegas, NV | 12/12/2011 | 05/31/2015 | N |
| Worldwide Asset Purchasing LLC | | 017021176 | CANCELLED | Marietta, GA | 09/04/2008 | 05/31/2012 | N |

[1]

**Express Access License Look-Up has been approved for use as a primary source for verification by The Joint Commission and the National Committee for Quality Assurance.**

NEW FEATURE: If the licensee has multiple licenses with the agency, "Multiple Licenses" will appear below the license number and information about their other licenses is available by clicking on the words "Multiple Licenses".

PLEASE NOTE: If the phrase "Chaperone Required" appears below the license status, the licensee can only practice with a chaperone present. You can click on the words "Chaperone Required" for more information.

If the "Ever Disciplined" column contains a "Y," there has been disciplinary action taken against the license or against an application for a license prior to its issuance. Click on the "Y" to view details of the disciplinary action. The Department regulates various professions and issues many licenses and registrations. As such it is possible that an individual could have a license in more than one profession. License Look-Up is limited to the specific profession you have inquired about. If you wish to view comprehensive reports in Adobe Acrobat format for disciplines that occurred after September 1996, click HERE. The Illinois Department of Professional Regulation publishes a monthly report detailing disciplinary action taken by the Department. Each Disciplinary Report is a listing of all licenses disciplined by the Department within a given month. The information includes the licensee's name, the discipline imposed and a brief description of the reason for the discipline. All Monthly Disciplinary Reports are accurate on the date of issuance or initial date of publication. However, disciplinary actions may be subject to further court orders that may stay, affirm, reverse, remand or otherwise alter Department disciplinary orders. Please note that discipline which has been reversed by court order will not appear in this summary of discipline.

Click here for definitions of the different types of disciplinary actions the Department may impose.

Click here for license status definitions.

NOTE: This license look-up is accurate for the current license status, but due to computer conversions, the original issuance date may be in error. If the issuance date shown is 01/01/1997, this is a computer generated date, not the original issuance date. For original issuance dates, please contact the Department.

Financial & Professional Regulation         | State of Illinois | Illinois Privacy Information | Privacy Statement | Accessibility | Contact IDFPR



EXHIBIT A
Blumberg No. 5208